ROBERTSON, Justice:
The Appellant, Mississippi State Highway Commission, appeals from a judgment *883 of the Circuit Court of Covington County, in favor of Appellees, Mr. and Mrs. Harry B. Kittle, Jr., for $6,000 damages for the taking of two small parcels of land, aggregating .96 of an acre to be used by the appellant in broadening the approach to a new interchange between new U. S. Highway 49 and U. S. Highway 84 in the Town of Collins, Mississippi.
The property of appellees consisted of two separate parcels of land, one lying northwest of U. S. Highway 84, being a 4.31 acre tract, and one lying southeast of U. S. Highway 84, being a 3.25 acre tract. That portion taken off of the northern parcel for right-of-way purposes was a strip of land less than 100 feet in depth along the north side of Highway 84, the total area being .56 of an acre; and that portion taken off of the southern parcel for right-of-way purposes was a strip of land varying from 20 feet to approximately 40 feet in depth along the south side of U. S. Highway 84, the total area being .40 of an acre.
No improvements were located upon the two strips of land taken, but there were two dwelling houses situated on the 3.25 acre south tract, neither of which was affected by the taking. The appellees do not reside on the property, but rent out the two houses. On the date of taking, the two strips of land were being used only for growing timber.
There was a great difference of opinion between the witnesses for the appellant and those for the appellees on the potential highest and best use of the property taken.
Witnesses for the appellant testified that these strips of land could best be used for residential purposes.
Witnesses for the appellees contended that the two strips of land taken could best be used for commercial purposes. Access rights to U. S. Highway 84 are unaffected by the taking. It should be pointed out that neither strip by itself, because of the narrow depth, could be used for either residential or commercial purposes.
The witnesses for the appellant, Eveiett Ladner and J. W. Morgan, regular appraisers for the State Highway Commission, testified that the damages to the ap-pellees would be about $500. They testified that the parcel on the north side of U. S. Highway 84 was about six or seven feet above the grade of the highway at the south corner, but as it extended northerly it reached a depth of six or seven feet below the grade of the highway. The parcel of land on the south side of Highway 84 was above the grade of the highway only at the south corner and as it stretched northerly was five or six feet below the grade of the highway.
Being rather low and swampy land with a creek running through a portion of it, Mr. Clarence Boone, an experienced realtor and appraiser of Laurel, Mississippi, testified that the damages would amount to about $700 and that the appellant was only taking some narrow strips of land for widening this highway to four lanes. All of the appraisers for the appellant used as comparable sales some sales on U. S. Highway 49 about of a mile from subject property where acreage in varying amounts had sold for between $200 and $400 an acre in 1962 to 1964. Boone testified that the appellees would still have plenty of depth in their remaining properties, and practically the same frontage on both the north and south sides of U. S. Highway 84, and that they could still use their properties in any way that they desired. He stressed the fact that the south parcel was below the grade of the highway and that it would be expensive to haul in dirt to raise the land to the level of the highway.
The owner of the property, Harry B. Kittle, Jr., testified that he taught school in Meridian, Mississippi. He admitted that there were no commercial establishments on the south side of U. S. Highway 84 and no commercial establishments on the north *884 side except the Collins Junk Yard and the Standard Oil Service Station at the juncture of U. S. Highways 49 and 84. In spite of this he considered his property very valuable commercial property, minimized the fact that the south parcel would have to be extensively filled in, and estimated his damages at $14,200.
Mr. W. O. Thomas, the other witness for the appellees, and an experienced appraiser of real estate, considered the strips taken as potential commercial property and estimated the damages at $12,527.20. The only comparable sale that was cited by the owner, Kittle, and his witness, Thomas, was a sale by the Uptons to the Standard Oil Company. For many years the Standard Oil Company has had a service station fronting on U. S. Highway 49; the Upton property adjoined the service station property. Standard Oil bought the Upton property in July, 1964, for $26,000 in order to have broad frontage on U. S. Highway 84 also. Mr. Thomas testified that, during the 33 years that he had lived in Collins, the only commercial development on Highway 84 West of its intersection with U. S. Highway 49 in the Town of Collins was the Standard Oil Service Station.
There was a very special reason for Standard Oil to buy the Upton Property. It adjoined the service station and Standard Oil needed to expand on Highway 84. This was only one sale and in our judgment was not one that could be compared to the Kittle property. From their testimony, it appears that both Kittle and Thomas lost sight of the fact that the two strips of land were being acquired merely for widening the highway and that the appel-lees would still have plenty of depth in the north and south parcels and approximately the same frontage on U. S. Highway 84 so that they could still develop their remaining property in any way that they desired, either commercial or residential.
The credible testimony will only support a valuation of about $3,500 for the .96 of an acre taken, and even then we must look into the future through rose-hued glasses to come up with this liberal valuation.
The verdict of $6,000 is grossly excessive and evinces bias, passion and prejudice on the part of the jury against the appellant; it is against the overwhelming weight of the credible evidence. The judgment will be reversed and the cause remanded; unless the appellees, within 15 days from the date the judgment of this Court becomes final, remit $2,500 of the $6,000 judgment. If this remittitur is made, then the judgment will be affirmed for $3,500; otherwise, the judgment will be reversed and the cause remanded for a new trial.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ., concur.